**CARTER OIL CO. v. STEWART et al.**
**Civ. A. No. 176.**

District Court, E. D. Illinois.

Jan. 3, 1941.

Walter Davison, of Mattoon, Ill., for plaintiff.

Jones, Murray & Miller, of Vandalia, Ill., and Weeks, Surles & Potter, of Centralia, Ill., for defendants.

WHAM, District Judge.

In view of the urgent need for an early disposition of this case and the time already gone by since its submission I will state briefly my findings and conclusions which I deem controlling without attempting to set forth detailed findings of undisputed facts or taking time to state in detail the precise issues or to discuss the evidence and the authorities upon which my findings and conclusions rest. I have studied with care the very excellent briefs submitted by counsel, which present clearly the issues of fact and law with exhaustive citation of applicable authorities, and considered all contentions therein advanced. Thereupon I have made findings of fact and reached conclusions of law as follows:

### Findings of Fact.

(1) I find that the original fence described in the evidence which, according to the evidence, was constructed within the period 1881 to 1883, was located where it was by agreement of the then owners of the two tracts to establish an uncertain and unascertained division line between the Southeast Quarter of the Northwest Quarter and the Southwest Quarter of the Northeast Quarter of Section 23, Township 8 North, Range 3 East of the Third Principal Meridian, Fayette County, Illinois, which includes the strip of land in controversy, and the fence so constructed did establish and become the division line between said tracts and was so recognized thereafter by the owners of the respective tracts. This finding is based in part upon direct evidence of the facts and circumstances existing before, at and during the time the fence was being constructed and the acts and conduct of the then owners in and about the construction of the fence, and in part upon logical and reasonable inferences arising from said facts, circumstances and conduct shown by the evidence.

(2) I further find from the evidence and from the inferences arising therefrom that the owners, at the time said fence was constructed and thereafter, accepted said fence as the true and agreed division line between said tracts. Many years later the owner of the North One-Half of the said Southwest Quarter of the Northeast Quarter moved the fence westwardly but it was promptly restored to its original location by the defendant Holman. This occurrence is immaterial since the division line was already and had for many years prior thereto been established by the original fence constructed under the agreement found in finding No. 1. It does show, however, that the defendant Holman then recognized and insisted upon the line established by the original fence as being the true division line between said tracts. The line was not questioned thereafter or at any other time until this controversy arose. A fence or the evidence or remains of a fence now marks the line of the original fence referred to in finding No. 1 and now constitutes the division line between the Southeast Quarter of the Northwest Quarter and the Southwest Quarter of the Northeast Quarter of said Section 23, regardless of whether or not it coincides with the geographical line according to the original government survey.

(3) I find from the evidence that the oil well here in controversy, the completion and operation of which is here sought to be enjoined, is located west of the division line marked by said fence but east of the east line of the Southeast Quarter of the Northwest Quarter of said Section 23, if such east line were fixed by and in accordance with the government survey of these lands. I find further that the line of the fence referred to in findings Nos. 1 and 2 and not a line fixed in accordance with the government survey now constitutes and at all times since the construction of the original fence on said line has constituted the east line of said Southeast Quarter of the Northwest Quarter and said oil well is located within said Southeast Quarter of the Northwest Quarter as the east line thereof is now located by said division fence line.

### Conclusions of Law.

(1) The line of the original fence shown by the evidence is the true division line between the Southeast Quarter of the Northwest Quarter and the Southwest Quarter of the Northeast Quarter of said Section 23 and by the establishment of said fence all of the land lying west thereof was included in the Southeast Quarter of the Northwest Quarter and was afterwards conveyed by that legal description.

(2) That the mortgages given by Holman down to and including the mortgage given in 1921 upon the land described in said mortgages as the Southeast Quarter of the Northwest Quarter of said Section 23 include and cover all of the land west of said fence line.

(3) As purchasers at the foreclosure sale under the Holman mortgage Bauer and Tennery became entitled to all of the land west of said division line fence and by the Master's deed given pursuant to said sale, which described the land as the Southeast Quarter of the Northwest Quarter of said Section 23, became the owners of all the land west of said fence line, went into possession of same and their possession and ownership was recognized and acquiesced in by defendant Holman. By said foreclosure sale and deed said Holman was deprived of any ownership, right or title in or to any of said land in said section lying west of said division fence line.

(4) That at and before the time of said foreclosure suit mentioned in conclusion No. 3 said Holman was the owner of all of the land west of the said division line fence, not through adverse possession but by virtue of the deed of conveyance to him by the immediate prior owner under the description Southeast Quarter of the Northwest Quarter of Section 23, Township 8 North, Range 3 East of the Third Principal Meridian, Fayette County, Illinois.

(5) The oil and gas lease between Richard Holman, a widower, and A. L. Stewart, dated November 3, 1939, purporting to convey oil and gas rights to said Stewart in a strip of land described in said lease in the Southwest Quarter of the Northeast Quarter of said Section 23, which oil and gas lease was introduced in evidence as Defendant Stewart's Exhibit 1, is invalid by reason of the fact that Richard Holman, at the time he executed said instrument, had no ownership or interest in the land or rights therein described.

(6) That the oil and gas lease, dated April 20, 1937, between S. C. Tennery and his wife and George H. Bauer and his wife and the Carter Oil Company by which said Tennery and Bauer leased to the Carter Oil Company the Southeast Quarter of the Northwest Quarter of Section 23, Township 8 North, Range 3 East, Fayette County, Illinois, with other lands, included within said description and leased to said Carter Oil Company all of the land lying west of the said division line fence hereinbefore found to constitute the division line between the Southeast Quarter of the Northeast Quarter of said Section 23, including the strip of land purported to be leased by defendant Holman to defendant Stewart by the instrument introduced in evidence as Defendant Stewart's Exhibit 1.

The fact that the oil and gas well here in controversy may be located in the Southwest Quarter of the Northeast Quarter rather than in the Southeast Quarter of the Northwest Quarter of Section 23, if the line between said tracts were established strictly in accordance with the government surveys, is immaterial and without effect in view of the other controlling facts and circumstances proved by the evidence in this case and found by the court which establish the fence line as the true line.

In view of the foregoing facts and conclusions which are made and adopted by the court the plaintiff is entitled to a decree, with costs, making permanent its temporary injunction, and the counterclaim of the defendant Richard Holman must be denied.